All right, our second case this morning is number 21-12540, Lewis Clements v. State of Florida. Mr. Upson, we know that you were also appointed by the court to represent Mr. Clements, and like with Ms. Howard, we want to thank you for your service to us and to Mr. Clements. Thank you, Your Honor. Whenever you're ready. Thank you. May it please the court. Keith Upson for Lewis Clements. Good morning. Thank you for permitting argument in this matter and thank you for sending us by zoom, which turned out to be somewhat serendipitous because I am presently COVID positive. So I would not have been allowed in the courtroom. This week, regardless. The trial court's order found Florida statute 943-0435, which is likely the last time I will say it in its entirety and will refer to it simply as the registration statute statute. The district court found it was neither a sentence nor punishment by somewhat simplistically relying on 36 words contained in paragraph 12 that are contradicted by many of the remaining 6061 words of the statute itself. The court essentially found that because it says it isn't punishment, it isn't therefore Mr Clements isn't in custody and therefore no jurisdiction under under 2254. I'd like to quickly go through three sections of the statute, starting with paragraph seven and eight. Paragraph seven and eight are particularly interesting because they impose on registrants in person before the fact requirements regarding interstate and international travel requiring 48 hours to 21 days notice depending on the length of travel outside of the state of Florida. Paragraph a question about that one because I mean, at least in my own mind I'm sort of focused on the movement restrictions in the statute. So, I mean, those aren't prohibitions or restrictions really just notice requirements. We would argue they are restrictions, even though it doesn't say prohibited and I appreciate the distinction. And the reason is because if Florida passed a statute with similar reporting requirements to law enforcement for all citizens. I think we'd all agree that that would impermissibly impinge on the fundamental right to interstate travel. I don't think that would pass constitutional muster what's different about the registration statute is the Florida legislature said that it's okay to do that to designees, the, the difference and the reason why it matters is it's no less restriction. It would be a restriction if it were imposed on non registered non registrant private citizens, therefore, constitutionally, it would be, therefore, it is a restriction on that fundamental right, notwithstanding the fact that says you can't or doesn't provide that you can't So then I guess this sort of gets to one just sort of fundamental concern I had about the kind of the squishiness of the Jones test. Do you mean to say that any restriction on movement, how you know sort of, however, slight, that would not apply to a private citizen renders one under this statute in custody. It's sufficient that it takes the statute beyond simple status that we're no longer talking about, oh, this isn't punishment or punitive. This is just your status and makes that consequence punitive. But if to take to take judge Newsom's take judge Newsom's question a step further and put some practical loss on it. If the only residency restriction in a statute like this one said you cannot live within 100 yards of an elementary school. But that's it. That's the only restriction. Would you contend that that renders the person subject to that restriction in custody. It would certainly be a tougher on your. So my, my, my concern was also where my focus was also on the residency restriction but there's been a lot of coverage, or at least there had been a lot of coverage in Florida about the way that these residency restrictions work and the way that the ability of. Excuse better. Red restricted the ability of convicted sex offenders to live in certain places there was a famous CNN story, some years ago, about such individuals in Miami having to live under the Rickenbacker Causeway because there was nowhere else in the city of Miami where they could live, pursuant to residency restriction. But here's my question. If we're looking at the residency restrictions as a part of the in custody analysis. Are we looking only at the residency restrictions imposed by state law, because that's the law that requires registration and imposes residency restrictions, or are in your mind are we also looking at local residency restrictions that are passed pursuant to authority given by the registration statute. Well, your honor on further consideration of your, of your question of your initial I'd like to revise my answer to your question about residency restriction and and unambiguously say yes I do think that would that the restrictions themselves would come alone would constitute in custody and I think this court would have to look at both, because we're not challenging the constitutionality of the restrictions were simply arguing that the consequences are such to constitute punishment or punitive measures against residents registrants sufficient to argue that they're in custody. So let me just there but there are no, I'm sorry, go ahead. Well, I was just going to follow up so on so to judge Jordan's initial question, if the loan restriction was you can't live within 1000 yards of a school. Not no others, not churches not playgrounds not, you know, sort of, you know, anything else not not. So that's the loan restriction. And you can live anywhere else you want to, you can go anywhere else you want to without notifying anybody that that alone renders you in custody. I sort of your revised answer I think is yes. Well, I understood it to be a rhetorical question because clearly there aren't facts. I can envision a situation in which a registrant would effectively be rendered homeless by being unable to comply with the register read with the residency restriction, in which case that's tantamount to being in custody. Got it. So your response to judge Jordan is not in response to his simplified hypothetical if the only restriction is, you can't live within 1000 yards of a school full stop. It's that if you're effectively rendered homeless. Then you're in custody. By overlapping, you know, these, these bubbles imagine them you know these circles of where you can't live if you're effectively rendered homeless by the combination of those circles, then you're in custody. Well, and your honor I think part of part of what I'm more thrown by is the overlap between constitutionality and, and the in custody requirements because such restrictions have consistently been held to be constitutional. I think I think neither judge Newsome nor I are for purposes of our questions, trying to call any of those restrictions into any doubt, we're taking them as given. But it seems to me that if you're homeless theory is a workable one and I'm not sure that it is but if it's a workable one. Doesn't it also take into account local residency restrictions and local and local municipalities cities, towns, etc. Aren't the ones that impose the registration requirement. Right, they come from their own police power. That's correct. How do you, how do you link, how do you link those local residency restrictions with the registration requirements of a state statute. Your honor, I think you have to look at the, at the impact on the registry. And not, I don't disagree with you in general terms but then if it's the local residency restrictions that render a person like Mr Clemens homeless. Whose custody is he in. Well, the, the local music municipalities only act under the authority of the state. So, they don't have, but they don't have to, but it all rolls back uphill to the state. I know they, I know they've all enacted laws we have we all understand that but whose custody is Mr Clemens in if he's rendered homeless, not because of state residency restrictions which are minimal in my hypothetical. But because of local residency restrictions which are much more broad. It's still a state. Okay. Now none of those issues were really fleshed out below and believe me I understand that Mr Clemens was proceeding pro se, and then you weren't representing him there. But there was no. There was nothing in the complaint, or in the response to the motion to dismiss to flesh out this sort of theory of displacement by homelessness and all of that equaling, or being tantamount to custody right. That's correct, Your Honor, but the courts decision was an interpretation of the law, which, of course, this court can review de novo, and Mr Clemens candidly has has two hurdles. One is the express provision that paragraph 12 that says this is not the thing that that the remainder of it says it is. And I changed gears for a moment, if you don't mind just before your time runs because I want to also ask your friend on the other side, the same question. As you know, the statute says in custody pursuant to the judgment of a state court and, you know, in the case law it's been sort of described as having two requirements one in custody, and to pursuant to this judgment of a state court. And what I'm wondering is, in this case, I hope you're, I hope you start feeling better I'm sorry to see you're sick. But getting back for a moment to the case. In this case, we have for the pursuant to the judgment of a state court, it's not in the actual judgment itself. And also, we have said in another case, Houston V Williams, that the Florida sex offender statute is not punitive so it seems like we're probably bound by that conclusion. So, I'm wondering, you know, like on that part of the equation it seems like you might have a problem. How does that mesh with the in custody requirement. In other words, if you have a problem on the pursuant to the judgment of a state court requirement. Can you still overcome it on just the in custody requirement alone. With the, what I perceive to be the easier resolvable the two and of course the record that's before the court is the record but it was my understanding that the Mr. Clinton's requirement to register pursuit to the statute is contained within the verbiage of the judgment sentence itself. By reference, it doesn't enumerate all all the requirements but if that answers your that facet of that question to address a moment I'm, I apologize. I don't think I completely follow the second, the other hurdle about the in custody component. Well, just because we're running over time I'll just go to that part of it which is that in in Houston V Williams we described, it was an ex post facto case it wasn't this kind of case but still, it involves the same analysis as far as whether the Actually, Your Honor, if I may have like an opportunity to supplementally brief that to the court with a fairly short window of seven to 10 days, if I could, or if the court would consider it. It was our position that those 36 words contained in some paragraph 12 should be disregarded by the court under the uncertainty doctrine, because the way to the remaining 6000 words of the statute, in fact, do impose restrictions on registrants that impinge on at least two fundamental rights, the privacy right, we were far less concerned with, but the right to interstate travel, to an extent that it's not simple registration anymore, but rises to the level of placing Mr Clements in custody for the purposes of of having jurisdiction under 2254. Can I ask just one final question, Judge Jordan, and what I don't want you to do is to reveal any client confidences or privileged material. I am curious about the decision not to brief the case to leave us with Mr Clements pro se brief before us. It just I mean, frankly, there's a lot of uncertainty in this area of the law it sounds like there's a lot of uncertainty on the panel about how all of this fits together. And I'm just wondering, did you know, did you consider filing a counsel brief on Mr Clements behalf. I did, Your Honor, and strategically. I wish we were in Pennsylvania, or the third but we're not. And I felt argument. I'm not quite sure how to answer you. I could have, and I believe I may have put this in the, in the notice of adoption or standing on the brief, I can write a different brief I don't know that I can, I can raise the core issues available any better than Mr Clements already did. Okay, that's fine. Thank you very much. You've saved your time for rebuttal. Miss Ashby. May it please the court, Assistant Attorney General Katie Ashby on behalf of the Secretary of Florida Department of Corrections. As Joe Rosenbaum pointed out, the jurisdictional requirement required has two components. First, that the petitioner is in custody, that is that there's a significant restraint on his physical liberties, not shared by the public generally. And the second is that such custody must arise pursuant to the state court judgment stated differently, that the custody that is conditioned precedent to his jurisdiction has to be a direct result of the conviction or the sentence under attack here. Let me, Miss Ashby if I could let me try to ask you some hypotheticals and see where you think you land on. So let's assume that a person like Mr Clements was convicted in Florida. Okay, of a sex offense. That makes him subject to the registration requirements under Florida law. And so the registration requirements are a consequence of a Florida criminal judgment. Okay. Also assume for me that the residency restriction portion of the registration statute allows a person like Mr Clements to only live in 5% of the land covered in Florida. Is he in custody. So to just to clarify, so you said in this hypothetical he only has access to 5% of the land, and then you said that the judgment. He's convicted he's convicted in Florida of a sex offense, which makes him subject to registration and residency requirements and restrictions under Florida law. Okay. Right. So, so he has to register under Florida law, but I'm changing the residency portion of the statute a little bit for you in a hypothetical. And so in my hypothetical. He can only live, putting aside the registration and notice issues. He can only live on 5% of Florida land. Is he in custody. Well, whether or not he would be in custody. That's still wouldn't change the part that has to be pursuant to the court judgment. So, the court judgment makes them subject to the registration and residency statute. That's one. That's a requirement of supervised release or supervision under the court judgment, you shall be subject to the registration and residency requirements set forth in Florida statute blank blank blank. And the person has a supervised release term of life. So the registration is going to be for life. And he can only live in 5% of Florida land. Is that a different case is he in custody. Potentially your honor but I mean that's not the case. And before I, I completely understand that it's not this case, but the same way that I asked Mr Upton about a restriction only limiting a person to living within a certain number of distance from elementary school. I want to ask you the opposite hypothetical which is harder for your side I think. So you think residency restrictions, at least theoretically are relevant. Is that an accurate statement of your view. Um, yes, I think they're relevant to the analysis. Absolutely. Um, but, um, but in this case to there's nothing to suggest that he's restricted to such a small percentage of the population. No, no, I understand it was it's a hypothetical it was not meant to be a comment or a question on this case and the facts alleged in the complaint but there's a nasty Can I can I ask you a question about about this case I think there's there's something that I that I still don't quite understand the registration. As I understand I think anyway I understand the sentencing documents, I don't see a reference to the registration in the sentencing documents themselves but I thought that the registration was a condition of the plea agreement. So like for purposes of judge Rosenbaum's very good question about judgment of a state court, like it does this sort of count or not, if something is a condition of the plea agreement and then a conviction is formally entered on the agreement. And then you've got sentencing documents which for some reason or another don't reference the registration, or is it like part of the judgment or not here. So in this case, no, it was not made part of the judgment. He was just because the condition of the plea agreement like wasn't memorialized properly or what I don't, I'm so sorry if I'm misunderstanding something like really fundamental to the state criminal process, but I'm just trying to figure out. So I guess I'll ask you this way, was it or was it not a condition of the agreement that he registered. To my knowledge, it was a condition that he was objected to the probation, the sex offender probation. I see. Which means what exactly I'm again I'm sorry. Sex offender sex offender registration or different how. So, sex offender probation would be for that specific term in this case he had five years, subject to certain set of conditions that do have some similarities, but when looking at the registration requirement. That has nothing to do with the statute that has to do, or the sentence in general that has to do so more with any condition or status of being a convicted sexual offender. I see, I see. Okay. But let me ask you this, I mean as a matter of reality. I think we can all agree that anybody who gets convicted on these charges is going to have to comply with the Florida sex offender statute, would you agree with me on that. Yes, Your Honor. Okay, so, I mean, it seems like it seems like not. It can't possibly be the right answer that it's not a part of the, of the judgment, and therefore, it can't. It can't qualify for in custody, simply because it's not written in the judgment. If every single defendant who is convicted, you know, effectively has this as something that he or she must do. I mean, that just seems a little over simplistic, or, you know, and I'm not suggesting that that the judge did this or that the state is doing this but has the effect of almost like circumventing right the judgment requirement. If it's automatically going to be something that the defendant now has to comply with. So, I guess I'd like you to address that, please. Right, Your Honor. So, not so it has to be a direct consequence of the sent judgment sentence not a collateral consequence, and the situation like this is very analogous to a felon not being able to vote or participate on a jury, and in both of those instances, the federal courts have found that that is a collateral consequence and not pursuant to the judgment itself. So go ahead. No, go ahead. That's okay. So what is what, what is the and again sorry. What does the statute say to judge Rosenbaum's question does the statute say everyone convicted of any of the following offenses in the state of Florida has to register for some version of that. Yes, yes, Your Honor. Okay, so then why is in response to judge Rosenbaum's question. Is it not implicitly a term of every judgment for one of those crimes I don't, I don't think I understand your response to her question. The statute says, I mean, why doesn't it just sort of effectively make that term registration, a part of every judgment. Well, Your Honor, the federal courts have held that it has to be a direct consequence not just a mere collateral consequence of the judgment itself. So, what then is the test to draw the line between direct consequence and collateral consequence. And are we just sort of blinking reality and response to judge Rosenbaum's question if the statute itself says every person convicted one of these offenses shall register. I mean, especially if it says every person convicted or whatever it says convicted and sentenced whatever I mean it seems to be like reaching out and sort of knitting the two things together. Well, Your Honor, the federal courts and looking at this very question, have looked at the sentencing documents on themselves as well as the state laws. So in this case we have a sentencing judge sent to the documents that do not have this as part of this actual sentence, but we also can look at the planet and video unambiguous tax of the statute, and it clearly states the designation is not a sentence or punishment, and then Florida parts as well as this court have also said that the statute the requirements that they have to register is not punitive it's very nearly remedial. But that's a different. I mean I think your answer is to a different question there's a there's a preliminary question of whether or not registration and residency requirements are part of a criminal judgment in Florida, right. And then the question is, even if they are. Do they make somebody in custody for purposes of the habeas statute. And I thought just knew some was asking you about the first part of that, not the second part I don't know if I got. I know if I interpret his question correctly or not but. Yeah, so I've become sort of obsessed with Judge Rosenbaum question earlier about judgment of a state court. So he's not asking you about whether or not it counts as in custody or not that's the second question down the line. This question is, if registration, I think if registration and residency requirements are mandatory. For every defendant like Mr Clements. Is it part of a state court judgment. No, Your Honor and I apologize. Maybe I'm not being clear I was trying to address that part in merely stating that the federal courts have said that it is not part of the judgment sentence. When they have looked at the judgment itself and seen that it's not part of that sentence. They've looked at the statute and seen that they've said that the legislature has stated that it's not a non sentence or punishment. And Florida courts have also said that it's not punitive so there's no basis to conclude that it would be part of the sentence, everything shows the contrary. When you look at the sentencing documents in the state laws themselves. But here's the problem I'm having I mean, can it be that simple that we just say that we just don't actually write it into the judgment, but we effectively by law make it a part of the judgment, so it doesn't count as part of the judgment because it's not in the singular document that applies to the defendant. Can it possibly be that simple. I mean that seems problematic. Well, Your Honor, federal courts, it's my understanding that federal courts are supposed to defer to state rulings on state law and the Florida legislature as well as the Florida courts have been abundantly clear that they don't consider it a punishment or sentence. Okay, that's a different question though right. That is the other half of the equation on pursuant to the judgment of the court right. Sorry, say, pursuant to the judgment of the state court, that's the other half of the equation they're sort of two components to it one is whether it's actually in a judgment and the other one is whether it's punitive. And, you know, here, you know, it may well be the case that under Williams under Houston V Williams, we've already answered that question I'll be in in a different context that it is punitive, that is not punitive rather. And so then that actually brings up my other question, which is, how do all of these components fit together, is there. Do you have to have all three. Is it enough to have one to be in custody. Could to be enough. I mean, is it a balancing test how did how did the components fit together when we're trying to determine whether the in custody and the pursuant to the judgment of a state court aspects of the statute are satisfied. Um, your honor I'm sorry I don't know if I understand your question. So, to be clear, you have to have both of the prongs, both of the in custody and both of the pursuant to court judgment are you asking I'm sorry you asking if we need to, it needs to be to show that it was not part of the judgment, as well as the state's interpretation of statute. I'm asking you, I guess I'm asking you two different things. The first thing is, how did the judgment and non punitive nature of the statute relate to each other and determining whether it's pursuant to a judgment of a state court. And the second question is, I mean, is that a, let's say that you that it's not quote pursuant to a judgment of a state court is that alone enough to defeat the argument that he was in custody, it may well be. But then we have to be sure we're right about pursuant to the judgment of state court, which means I need you to help me understand how, whether or not it's written in the judgment. But it's, it's, nevertheless, nevertheless by statute applies to everybody who's convicted of that crime. You know, it is part of the judgment versus that we have held that it's not a punitive statute, like how did those two components fit together. Let's just assume for purposes of your argument that this is this is in the judgment that we, and I'm not saying we are deciding this but just for purposes of this question that we conclude that because the statute makes it apply to every conviction of this type, automatically, that it is in the judgment. So the question that I have then is how does the determination that it's non punitive in in the ex post facto case that I've talked about bear on the determination of whether it's pursuant to the judgment of a state court. And if you also assume just for purposes of the question that we conclude that he was in custody. How does that. What is the ultimate, I guess, result of considering that calculus of facts. So in this case, Your Honor, this hypothetical. The only thing that we have that the appellate has ouropoly is going forward is that this state legislature and the courts have said it's not punitive. Yes, and we're bound by that determination and thank you that was a much clearer way to put it. Thank you. Oh, Miss asked me I think the question is still on the table. I mean I at least I'm still curious about the answer. If all you have going for you is that the you know that there's been a declaration that it's not punitive How does that fit into the statutory language in custody pursuant to the judgment of the state court. I'm not sure I'm actually know how to answer that question. I mean I don't know is a permissible answer it's okay. I mean, you know, this really isn't a quiz show I think for you to say I don't know it's okay I'm curious about. I've never quite understood frankly, the way the punitiveness or non punitiveness has a bearing on the language of 2254. But it may. I'd be honest your honor I don't know I think that in this case it is, you know, you know, we have to consider all the factors together the totality of the circumstances, you know, and in this case, you know, the legislature has clearly said that it's not a sentence or punishment. But, again, we're looking at in a, you know, that just one prong we also have to look at the judgment itself. And in this case, you know, yeah police position is that the judgment sentence also doesn't contain the registration requirements as part of the sentence itself. I was actually thank you very much we've taken you beyond your time but we thank you for answering our question. You've got four minutes of rebuttal. Thank you, Your Honor. In a broader interpretation of pursuant to it. These registration requirements are pursuant to the conviction for an enumerated defense. I did have an opportunity and avail myself of that opportunity to look at the judgment itself because I distinctly recall highlighting a provision that is not does not appear to be contained within the language of the judgment itself and in this case I don't know what it was perhaps it was the probation order. I know the registration requirement was included in the plea document itself. Doc 25 document 25 on page 49 that doesn't really get us there either. The triggering event is the conviction for one of the enumerated offenses, and then it's automatic. Everything that flows from registration requirements to register is automatic, and no one can stop it, which is part of why it's pursuant to the judgment of conviction. It just following following. Can I ask you the same question that I asked your colleague, and what she much better summarized which is, let's assume that that just for purposes of this hypothetical that we think your client satisfies the in custody part, and that there was a judgment, but that the statute is not punitive. How do we put those components together and determining whether your client was in custody and otherwise, in other words, like we know what the ingredients of the framework are her, but I'm wondering how they fit together is it a balancing test is it, you have to have all three. I mean this is a majority enough I'm just trying to figure out what the answer is, as to how we consider the components in a framework together. Well, candidly I'm not sure how to articulately answer that either your honor. It's unclear to me how the court could conclude that he is in custody, without initially concluding that this was punitive or punishment. But our argument, our position is that the restrictions imposed by the registration requirement consequences are punitive, therefore he's in custody and can avail himself of review under 2254. So that doesn't really contemplate the balancing or how many factors might be required and candidly I'm not really sure how to answer your question. I appreciate. I appreciate that I just want to make sure I understand what you're saying. You think at the moment anyway, that, that if we find it to be punitive that's the beginning and end of the analysis and your clients not in custody is that, am I understanding you correctly. If you find it's our position, the restrictions under Florida registration statute are restrictive on fundamental rights, to an extent that they constitute additional punitive measures and I understand you think they're punitive, I get that. Therefore, he is in custody. Okay, but what I'm asking you is let's say that we don't agree with you on the punitive aspect of that, just for purposes of the hypothetical, I'm just trying to figure out how this all the components work together. Is it your position then if we don't agree with you on the punitive aspect that your client is not in custody. Unfortunately, it's, it's my understanding of the state of the law that if the court finds that Florida's registration requirements are simple status, then you can't find it as in custody. All right. Thank you. I appreciate it. I'm interested. Thank you very much. Thank you very much again. We will take the case under advisement and quarters and recess for today. Yeah.